## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SAVE AUSTIN NOW PAC,          §
LELAND BICKERS,               §
*Plaintiffs*                  §
                              §
                              §
v.                            §          No.  1:26-CV-00050-ADA
                              §
T.C. BROADNAX, CITY OF        §
AUSTIN MANAGER IN HIS         §
OFFICIAL CAPACITY;            §
*Defendant*                   §

## ORDER

Before the Court are Plaintiffs Save Austin Now PAC and Leland Bickers's ("Plaintiffs") motion to stay merits proceedings and extend deadline to respond to Defendant T.C. Broadnax's motion for partial summary judgment, Dkt. 20, and Plaintiffs' opposed motion to expedite consideration of the motion to stay merits proceedings, Dkt. 21. After reviewing the motions and the relevant law, the Court will grant the motion to expedite consideration and deny the motion to stay.

First, the Court finds that given the impending deadline for Plaintiffs to respond to Broadnax's motion for partial summary judgment, expedited consideration of the motion to stay is proper. The Court will grant the motion to expedite. *Id.*

Rule 6(b)(1)(A) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A). In their motion to stay merits

1

proceedings, Plaintiffs ask the Court to stay case deadlines—including their deadline to respond to Broadnax's motion for summary judgment—pending a ruling on the pending motion to remand, Dkt. 10. Dkt. 20. They argue a stay is proper because it will conserve judicial and litigant resources. *Id.* at 2. They also argue deadlines should be stayed because the Court "must assure itself of subject-matter jurisdiction before proceeding to adjudicate the merits of a dispute," *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), and the motion to remand "may render any merits determination by the Court an advisory opinion." *Id.* at 2-3.

The Court finds Plaintiffs have not shown good cause. First, it is unclear that a stay would conserve judicial resources. While Plaintiffs are correct that the Court must resolve any questions as to subject-matter jurisdiction before reaching the merits of the pending motion for summary judgment, the Court will do so regardless of whether the summary-judgment motion is pending. *See Steel*, 523 U.S. at 94-95; *see also SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). Plaintiffs' only remaining argument for why a stay should be granted is that it will conserve their resources. *See* Dkt. 20, at 2. The Court appreciates that denial of this motion may require Plaintiffs to respond to a summary-judgment motion the Court may never reach. However, in the face of Broadnax's opposition and in the absence of any countervailing authority, the Court concludes Plaintiffs have failed to show good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to expedite consideration, Dkt. 21, is **GRANTED**.

2

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay merits proceedings, Dkt. 20, is **DENIED**.

SIGNED April 15, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE