# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SAVE AUSTIN NOW PAC,** | § | |
| **LELAND BICKERS,** | § | |
| *Plaintiffs* | § | |
| | § | **No. 1:26-CV-00050-ADA** |
| **v.** | § | |
| | § | |
| **T.C. BROADNAX,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs Save Austin Now PAC ("SAN-PAC") and Leland Bickers's (together, "Plaintiffs") motion to remand, Dkt. 10, Defendant T.C. Broadnax's motion to strike Plaintiff's supplemental memorandum, Dkt. 14, and all related briefing. After reviewing these filings and the relevant law, the undersigned will recommend that the District Judge grant the motion to remand and deny the motion to strike as moot.

## I.    BACKGROUND

SAN-PAC and Bickers, SAN-PAC's treasurer, started a petition to require a regular, independent audit of the City of Austin's (the "City") spending in part because of what it perceived as overspending on a new city logo. Dkt. 1-3, at 4-5. As part of its audit campaign, SAN-PAC parodied the City's new logo on its websites. *Id.* at 5. The City, through its attorney, sent SAN-PAC a letter demanding that SAN-

1

PAC cease using the City's trademark on its websites. Dkt. 1-3, at 25. Plaintiffs then sued City Manager T.C. Broadnax in Texas state court, seeking a declaration that (a) there is no authority in Texas Business and Commerce Code Chapter 16 for the City to register its seal for a trademark; (b) Broadnax's adoption of the new logo as the City's official seal was an *ultra vires* act; and (c) SAN-PAC's use of the logo was "parody free speech" under the Texas Constitution and not infringing under Texas Business and Commerce Code Section 16.102. Dkt. 1-3. Plaintiffs also sought a permanent injunction to prevent Broadnax from "interfering with Plaintiffs' exercise of their rights" and "taking any action to enforce the unlawful logo." *Id.* at 13.

Broadnax removed the case to federal court on the basis that Plaintiffs' claims fall within the purview of the federal Lanham Act, 15 U.S.C. § 1051 et seq. Dkt. 1, at 3. Broadnax then filed an answer and counterclaim, alleging among other claims that Plaintiffs violated the Lanham Act. Dkt. 5. Plaintiffs moved to remand, arguing that their case raises no federal questions. Dkt. 10.

## II.    LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the plaintiff either (1) pleads a cause of action created by federal law, or (2) asserts "a state-law claim [that] necessarily raise[s] a stated federal issue, actually disputed

2

and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"[T]he plaintiff is the master of her complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Accordingly, "[a] plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* at 772-73 (internal quotation marks omitted). In assessing whether removal was proper, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. Federal-question jurisdiction only exists where there "appear[s] on the face of the complaint some substantial, disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936)).

## III.    DISCUSSION

Plaintiffs ask the Court to remand this case because their original petition includes only state-law causes of action and assert that Broadnax cannot remove this case on the basis of his federal-law counterclaims. Dkt. 10. Broadnax contends that Plaintiffs' claims "necessarily require resolution of substantial and disputed federal trademark issues" and that the Court can exercise jurisdiction over this case under 28 U.S.C. § 1338 and the *Grable* exception. Dkt. 16, at 3. The undersigned agrees with Plaintiffs.

### A.    Plaintiffs' petition raises no federal questions.

First, Plaintiffs' petition exclusively raises Texas causes of action. *See* Dkt. 1-3 (seeking a declaration that the City cannot register its mark under the Texas Business and Commerce Code, Broadnax's adoption of the logo was an *ultra vires* act, and SAN-PAC's use of the logo is protected and non-infringing under Texas law). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because each of Plaintiffs' claims relies "exclusively on Texas law," there is no federal subject-matter jurisdiction. *Landry's, LLC v. Landry Distilling, Inc.*, No. 1-23-CV-00571-RP, 2023 WL 8598131, at *2 (W.D. Tex. Dec. 12, 2023), *R. & R. adopted*, 2024 WL 409727 (W.D. Tex. Feb. 2, 2024); *see also In re Hot-Hed Inc.*, 477 F. 3d 320, 324 (5th Cir. 2007) ("As multiple courts have clarified, removal of a trademark infringement action is

4

improper when a plaintiff does not clearly state he is seeking relief under the Lanham Act." (quotation marks omitted)).

The undersigned is unpersuaded that Plaintiffs' claims "involve and require resolution of federal trademark issues." *See* Dkt. 16, at 5. Contrary to Broadnax's assertions, Plaintiffs do not seek to "block federal registration" or "determine the registrability of a federal trademark application." *Id.* at 5-6. Instead, they seek a ruling as to whether the City can register the mark under *Texas* law. Dkt. 1-3. Broadnax cites no authority for its suggestion that the City's ability to register the mark under Texas law has any impact on federal registrability. *See* Dkt. 16, at 5-6. Next, to the extent Plaintiffs' request for a declaration that SAN-PAC's use of the logo was protected under Texas law requires resolution of the question whether SAN-PAC infringed the City's mark, any such resolution would determine only whether SAN-PAC infringed under *state* law. *See RecDirect, Inc. v. Edwards*, No. 1:23-CV-258-RP, 2023 WL 3273127, at *1 (W.D. Tex. Apr. 3, 2023) (concluding removal was improper where plaintiffs brought common-law trademark-infringement claims and not Lanham Act claims); *see also Hot-Hed*, 477 F. 3d at 324.

Finally, the Court cannot exercise federal-question jurisdiction based on Broadnax's federal-law counterclaims. It is well-established that "[a] defendant cannot introduce federal question jurisdiction via a counterclaim to defeat removal." *RecDirect*, 2023 WL 3273127, at *1 (citing *Caterpillar*, 482 U.S. at 399). And to the extent Broadnax argues the Court must exercise jurisdiction under 28 U.S.C. § 1338, *see* Dkt. 16, at 16, that provision does not give federal courts exclusive jurisdiction

over trademark claims. *1st Nat'l Rsrv., LC v. Vaughan*, 931 F. Supp. 463, 465 (E.D. Tex. 1996).

**B.     The *Grable* exception does not apply.**

The *Grable* exception may apply where state-law claims implicate "significant federal issues." *Grable*, 545 U.S. at 312. Federal jurisdiction exists under *Grable* if a state-law claim turns on a question of federal law that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Landry's*, 2023 WL 8598131, at *3 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Broadnax fails on the first prong. Broadnax asserts this case necessarily raises a federal question because Plaintiffs' claims "implicate federal registration" of the mark and "require[] determination of federal registrability" of the mark. Dkt. 16, at 7-8. Again, the undersigned disagrees.

Initially, Broadnax's arguments conflate Texas trademark registration with federal trademark registration. *See, e.g.*, Dkt. 16, at 11 (stating Plaintiffs seek a declaration that the mark "cannot be federally registered"). But federal and Texas trademark law are distinct systems. *See, e.g.*, *Vesta Corp. v. Vesta Mgmt. Servs., LLC*, No. H-15-719, 2016 WL 8710440, at *13 (S.D. Tex. Sep. 30, 2016) (awarding summary judgment on Texas trademark-infringement claim where mark was registered federally, but not with the state). As Plaintiffs point out, their causes of action under the Texas Business and Commerce Code apply only to trademarks sought to be registered with the Texas Secretary of State and do not govern applications for federal

trademarks. *See* Dkt. 18, at 2; Tex. Bus. & Com. Code § 16.051(a)(3)(C) (providing that a mark is registrable under Texas law unless it "depicts, comprises, or simulates the flag, the coat of arms, the seal, the geographic outline, or other insignia of … a municipality"); *id.* § 16.102 (describing infringement under Texas law). To resolve these claims, the Court will need to determine whether the City had the authority to register the mark under Texas law and whether Plaintiffs' use of the mark constitutes infringement under Texas law. They do not raise any federal question.

Further, the issues of whether use of the mark constituted protected speech under the *Texas* Constitution or whether a municipality's manager acted outside his authority[1] do not raise any issue of federal law. Instead, resolving these issues will require the Court to analyze the parties' conduct under Texas law. In resolving these claims, the Court will not have to determine whether the mark is registrable under federal law. Accordingly, resolution of these issues does not necessarily raise any question of federal law, and the *Grable* exception does not apply. Having determined that Plaintiffs' complaint neither pleads a cause of action created by federal law nor asserts "a state-law claim [that] necessarily raise[s] a stated federal issue," *Grable*, 545 U.S. at 314, the undersigned will recommend that the District Judge grant Plaintiffs' motion to remand.

Finally, because the undersigned did not rely on any briefing from the supplemental memorandum to reach the recommendations contained in this report,

---

[1] Under Texas law, a government officer acts "'without legal authority,' and thus *ultra vires*, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016).

and the memorandum would not change the outcome of this recommendation, the undersigned will recommend that the District Judge deny the motion to strike Plaintiffs' supplement to their motion to remand, Dkt. 14, as moot.

## IV.     RECOMMENDATIONS

In accordance with the discussion above, the undersigned **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' motion to remand, Dkt. 10.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** the motion to strike the supplemental memorandum, Dkt. 14, as **MOOT**.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

8

SIGNED June 3, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE